# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| Valerie T. Donham, | : |
| | : |
| Plaintiff, | : Civil Action No.: _____ |
| v. | : |
| Ally Financial, Inc., | : **COMPLAINT AND** |
| | : **DEMAND FOR JURY TRIAL** |
| Defendant. | : |

For this Complaint, Plaintiff Valerie T Donham, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA").

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

3. Plaintiff Valerie T Donham ("Plaintiff") is an adult individual residing in Olathe, Kansas, and is a "person" as defined by 47 U.S.C. § 153(39).

4. Defendant Ally Financial, Inc. ("Ally") is a Michigan business entity with an address of 40600 Ann Arbor Road, Suite 201, Plymouth, Michigan 48170, and is a "person" as defined by 47 U.S.C. § 153(39).

## FACTS

5. In 2018, Ally began placing calls to Plaintiff's cellular telephone, number 913-xxx-7250, using an automatic telephone dialing system ("ATDS").

6. When Plaintiff answered calls from Ally, she heard silence and had to wait on the line before she was connected to the next available representative.

7. In the beginning of 2018, Plaintiff spoke with a live representative and requested that all calls to her cease.

8. In complete disregard of Plaintiff's cease request, Ally continued to harass Plaintiff with automated calls to her cellular telephone number.

## COUNT I

### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. § 227, *et seq.*

9. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

10. At all times mentioned herein and within the last four years, Defendant called Plaintiff on her cellular telephone using a predictive dialer and an ATDS.

11. In expanding on the prohibitions of the TCPA, the Federal Communications Commission ("FCC") defines a predictive dialer as "a dialing system that automatically dials consumers' telephone numbers in a manner that 'predicts' the time when a consumer will answer the phone and a [representative] will be available to take the call…" *2003 TCPA Order*, 18 FCC 36 Rcd 14022. The FCC explains that if a representative is not "free to take a call that has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or a dial tone, causing frustration." *Id.* In addition, the TCPA places prohibitions on companies that "abandon" calls by setting "the predictive dialers to ring for a very short period of time before

2

disconnecting the call; in such cases, the predictive dialer does not record the call as having been abandoned." *Id.*

12. Defendant's telephone system has some earmarks of a predictive dialer.

13. When Plaintiff answered the telephone, she heard silence before Defendant's telephone system would connect him to the next available representative.

14. Defendant's predictive dialer has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

15. Defendant placed automated calls to Plaintiff's cellular telephone number despite knowing that it lacked consent to do so. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

16. The telephone number called by Defendant was and is assigned to a cellular telephone for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

17. Plaintiff was annoyed, harassed, and inconvenienced by Defendants' continued calls.

18. The calls from Defendant to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

19. As a result of each call made in negligent violation of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B).

20. As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants:

A. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(3)(B);

B. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C); and

C. Such other and further relief as may be just and proper.

Dated: November 2, 2018

        Respectfully submitted,

        By  */s/ Sergei Lemberg*

        Sergei Lemberg, Esq.
        LEMBERG LAW, LLC
        43 Danbury Road, 3rd Floor
        Wilton, CT 06897
        Telephone: (203) 653-2250
        Facsimile: (203) 653-3424
        Email: slemberg@lemberglaw.com
        Attorneys for Plaintiff